UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

Harrisonburg Division

| | |
|---|---|
| AMALGAMATED CASUALTY INSURANCE COMPANY<br><br>    Plaintiff<br><br>v.<br><br>VALLEY CAB, LLC<br>(d/b/a ABC CAB)<br>1622 Country Club Drive<br>Harrisonburg, Virginia  22802<br>Serve:<br>Musa Syed, Registered Agent<br>1622 Country Club Road<br>Harrisonburg, Virginia 22802-0000<br><br>And<br><br>MOHAMMAD NAJEEB KHALID<br>535 Rachel Drive<br>Penn Laird, Virginia  22846<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.   5:22-cv-00011 |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, Amalgamated Casualty Insurance Company ("Amalgamated" or "Plaintiff"), by counsel, and as its Complaint for Declaratory Judgment against Valley Cab, LLC, doing business as ABC Cab ("Valley Cab" or "Defendant"), and Mohammad Najeeb Khalid ("Mr. Khalid" or "Defendant") (collectively referred to as "Defendants"), pursuant to the Declaratory Judgment Act contained in 28 U.S.C. § 2201, Federal Rule of Civil Procedure 57, and the Local Rules of the United States District Court for the Western District of Virginia, states as follows:

Parties

1.   Amalgamated is an incorporated insurance company formed and existing under the laws of the District of Columbia with its principal place of business located at 8401 Connecticut Avenue, Suite 300, Chevy Chase, Maryland 20815. Amalgamated is, therefore, a citizen of the District of Columbia and a citizen of the State of Maryland. Amalgamated is not a citizen of the Commonwealth of Virginia, but submits itself to the jurisdiction of this Court.

2.   Valley Cab is a limited liability company organized and existing under the laws of the Commonwealth of Virginia with its principal office at 1622 Country Club Road, Harrisonburg, Virginia 22802.  On information and belief, Valley Cab has one member; namely, Musa Syed ("Mr. Syed"), who is a resident and citizen of the Commonwealth of Virginia, residing at 3120 Brookshire Drive, Rockingham, Virginia 22801.  Therefore Valley Cab is a citizen of the Commonwealth of Virginia because its sole member is a citizen of the Commonwealth of Virginia.

3.   The Defendant Mohammad Najeeb Khalid is an individual who is of the age of majority, who is *sui juris*, and who is not a member of the Armed Forces of the United States on active duty.  Mr. Khalid is a citizen of the Commonwealth of Virginia, residing at 535 Rachel Drive, Penn Laird, Virginia 22846.

Jurisdiction and Venue

4.   This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of Seventy-five Thousand Dollars ($75,000), exclusive of interest and costs.

5.   The venue of this action is property predicated on 28 U.S.C. § 1391 and Local Civil Rule 2(b). More specifically, venue is proper because this civil action is being brought in the judicial district

and division where Valley Cab and Mr. Khalid reside, and in which a substantial part of the events or omissions giving rise to the claim occurred, and the judicial district and division in which Valley Cab and Mr. Khalid are subject to personal jurisdiction.

6.   This Court has jurisdiction to issue declaratory judgment as to the rights and obligations of the parties hereto pursuant to the Declaratory Judgment Act contained in 28 U.S.C. § 2201.

7.   All necessary and indispensable parties to this adjudication have been properly joined herein.

Policy of Insurance at Issue

8.   This Complaint For Declaratory Judgment is brought for the interpretation of Amalgamated Casualty Insurance Company Commercial Auto Policy Number CAP-18-0101929-04, effective for the policy period of November 19, 2018 to November 19, 2019 ("Insurance Contract").  A true and accurate copy of the Insurance Contract is attached hereto as **Exhibit 1** and is incorporated by reference herein.

9.   The Insurance Contract was issued by "Amalgamated Casualty Insurance Company" to "VALLEY CAB, LLC DBA ABC CAB."

10.   Other than the Insurance Contract, there are no other insurance policies issued or written by Amalgamated, or any affiliate insurance carrier, that could afford insurance coverage or benefits to Valley Cab for the allegations, claims, and causes of action hereinafter described.

Underlying Lawsuit, Incident, and Factual Allegations

11. On or about July 13, 2021, Jessica Smith ("Ms. Smith"), a third-party, filed a civil Complaint against Valley Cab and Mr. Khalid in the Circuit Court for Rockingham County.  Ms. Smith's civil suit is styled "*Jessica Smith v. Valley Cab LLC d/b/a ABC Cab Company and Mohammad Nejeeb Khalid*," and was assigned Case Number CL21-1796-00 ("Underlying Lawsuit").  A true copy of the Complaint filed to initiate the Underlying Lawsuit is attached hereto as **Exhibit 2**.

12. In the Underlying Lawsuit, Ms. Smith alleges that she was visiting Harrisonburg, Virginia to meet an acquaintance on July 16, 2019.

13. On the evening of July 16, 2019, Ms. Smith alleges that she stopped at a 7-Eleven convenience store in Harrisonburg to ask for directions.  While in the 7-Eleven store, Ms. Smith alleges that she was approached by a local police officer who offered to call her a taxi to transport her to a local hotel.  Ms. Smith allegedly agreed and the police officer contacted Valley Cab to perform the transportation service.

14. While allegedly in the course of his employment with Valley Cab, Mr. Khalid allegedly responded to the police officer's request and picked up Ms. Smith from the 7-Eleven store to transport her to a local hotel.

15. While being transported, Ms. Smith alleges she had to use a restroom so Mr. Khalid took Ms. Smith to his personal residence at 535 Rachel Drive, Penn Laird, Virginia so that Ms. Smith could use a restroom.  Ms. Smith further alleges that she entered Mr. Khalid's residence and was attacked by Mr. Khalid as she exited the restroom.

16. Mr. Khalid, allegedly, grabbed Ms. Smith by the throat, strangled Ms. Smith, and physically overpowered Ms. Smith.  Mr. Khalid then, allegedly, carried Ms. Smith to a nearby bedroom and proceeded to vaginally rape her.

17. Allegedly, Mr. Khalid then drove Ms. Smith back to the 7-Eleven where he had originally picked her up and ordered her out of the vehicle.  Ms. Smith then drove her vehicle to a church parking lot where she slept in her vehicle before calling the Rockingham Sheriff's Department the next morning.  Ms. Smith was then taken to a hospital where she was allegedly diagnosed with suspected sexual assault and alleged assault with injuries to the neck and trunk.

18. The Rockingham County Sheriff's Office investigated the matter, and, on or about July 17,

2019, interviewed Mr. Khalid. On information and belief, no charges were ultimately brought against Mr. Khalid, or anyone, for the events of July 16, 2019.

19. Given the alleged sequence of events on or about July 16, 2019 and July 17, 2019 ("Incident"), Ms. Smith filed the Underlying Lawsuit on or about July 13, 2021 and alleged that Valley Cab and Mr. Khalid assaulted Ms. Smith, battered Ms. Smith, falsely imprisoned Ms. Smith, and intentionally inflicted emotional distress on Ms. Smith. Lastly, Ms. Smith alleged that Valley Cab was negligent in various duties of care to Ms. Smith related to its decision to employ, train, instruct, supervise, and monitor Mr. Khalid.

20. In the Underlying Lawsuit and as a result of the Incident, Ms. Smith is demanding more than $10,000,000.00 in damages.

21. Approximately six months after Ms. Smith filed the Underlying Lawsuit and approximately two years and six months after the Incident occurred, Valley Cab and Mr. Khalid notified Amalgamated of the Incident on December 17, 2021.

22. Valley Cab and Mr. Khalid's notification to Amalgamated on December 17, 2021 represented the first notice that Amalgamated received regarding the Incident, from Valley Cab, Mr. Khalid, Mr. Syed, or anyone else.

<u>Not an Accident</u>

23. *Paragraph A. Coverage of Section II - Liability Coverage,* page 1 of 4 of the *Virginia Changes – Business Auto Coverage Form* to the Insurance Contract's "Business Auto Coverage Form, provides liability insurance coverage for bodily injury or property damage caused by an "accident". The alleged bodily injuries to Ms. Smith arising out of the events of July 16, 2019 were not the result of an accident.

<u>Late Notice</u>

*24.*  Under the Insurance Contract's "Business Auto Coverage Form, *Section IV – Business Auto Conditions*, paragraph *2. Duties In The Event Of Accident, Claim, Suit Or Loss,*" subparagraph *a.*, page 7 of 12, Amalgamated has no duty to provide coverage under the Insurance Contract unless the insured has given Amalgamated prompt notice of the accident or loss, including notice as to how, when and where the 'accident' or 'loss' occurred; the 'insured's' name and address; and to the extent possible, the names and addresses of any injured persons and witnesses.  Additionally, any insured must immediately send Amalgamated copies of any request, demand, order, notice, summons or legal paper received concerning the claim or 'suit.'

25. Valley Cab had knowledge of the Incident on July 16, 2019, as one of its managers and authorized representatives, Mr. Khalid, was directly involved in the Incident.  By no later than July 17, 2019 Mr. Khalid, was brought in for questioning by the Rockingham County Sheriff's Department, at which time he knew Ms. Smith was claiming to have sustained bodily injuries after been assaulted by Mr. Khalid on July 16, 2019.

26. Similarly, Mr. Khalid had knowledge of the Incident on July 16, 2019, as Mr. Khalid was directly involved in the Incident, and at the latest by July 17, 2019, Mr. Khalid knew that Ms. Smith was claiming to have sustained bodily injuries after been assaulted by Mr. Khalid on July 16, 201.

27. The first notice of the Incident provided to Amalgamated by Valley Cab, Mr. Khalid, Mr. Syed, or any other source, occurred on December 17, 2021, almost twenty-nine months after the Incident and after the Defendants had actual knowledge of Ms. Smith's claim.

28. By failing to provide notice to Amalgamated until twenty-nine months after the Incident, the Defendants failed to comply with the Insurance Contract's "*Duties In The Event Of Accident,*

*Claim, Suit Or Loss*" provision.

29. The Insurance Contract's "*Duties In The Event Of Accident, Claim, Suit Or Loss*" provision is a condition precedent to coverage, and the Defendants' failure to satisfy a condition precedent to coverage under the Insurance Contract constitutes a material breach of the Insurance Contract.

30. The Defendants' failure to satisfy a condition precedent to coverage under the Insurance Contract, and their material breach of the Insurance Contract by failing to comply with the Insurance Contract's "*Duties In The Event Of Accident, Claim, Suit Or Loss*" provision, bars coverage for the Underlying Lawsuit and the Incident.

<u>Intended Injury Exclusion</u>

31. Under the Insurance Contract's "Business Auto Coverage Form, *Section II – Liability Coverage, B. Exclusion, 1. Expected Or Intended Injury*" exclusion, the Insurance Contract does not cover "any of the following . . . 'Bodily injury' or 'property damage' expected or intended from the standpoint of the 'insured.'"

32. In the Underlying Lawsuit, Mr. Khalid is alleged to have assaulted, battered, falsely imprisoned, and intentionally inflicted emotional distress on Ms. Smith while acting in the scope of employment with Valley Cab.

33. Under Virginia law, assault, battery, false imprisonment, and intentional infliction of emotional distress are intentional torts that can only result from an intentional act(s) on the part of Valley Cab and/or Mr. Khalid.

34. Valley Cab and/or Mr. Khalid knew, or should have known, that his alleged conduct would result in bodily injury to Ms. Smith, and consequently, Ms. Smith's claims are excluded from coverage under the Insurance Contract's "*Expected Or Intended Injury*" exclusion.

35.  Because the alleged bodily injuries to Ms. Smith were caused by the allegedly intentional

conduct of Valley Cab and/or Mr. Khalid, Amalgamated has no obligation under the Insurance Contract to provide coverage or insurance benefits to Valley Cab and/or Mr. Khalid.

<u>The Controversy and Amalgamated's Request for Declaratory Judgment</u>

36. Amalgamated has been called upon by Valley Cab and Mr. Khalid, under the Insurance Contract, to pay any claims, damages, judgments, settlements, or compromises that might be rendered against Valley Cab and/or Mr. Khalid for bodily injuries and resulting damages allegedly sustained by Ms. Smith in the Incident.

37. Amalgamated denies that it is obligated to provide coverage under the Insurance Contract to or for Valley Cab and/or Mr. Khalid, or any other person or entity, for the Underlying Lawsuit, the Incident, and/or any other injuries or damages sustained by any person or entity as a result of the Underlying Lawsuit or Incident.

38. Therefore, there exists an actual controversy and dispute between the parties hereto involving the obligation of Amalgamated to defend or indemnify Valley Cab and/or Mr. Khalid and be liable for the damages claimed by Ms. Smith in the Underlying Lawsuit and/or arising out of the Incident.

39. Amalgamated denies that it has any obligation to provide insurance coverage or benefits to or for Valley Cab and/or Mr. Khalid under the Insurance Contract for the claims and causes of action asserted in the Underlying Lawsuit, or related to the Incident, on the grounds that Valley Cab and Mr. Khalid failed to satisfy a condition precedent to coverage under the Insurance Contract by failing to provide "prompt" notice to Amalgamated of the Incident and of the Underlying Lawsuit.

40.  Amalgamated denies that it has any obligation to provide insurance coverage or benefits to or for Valley Cab and/or Mr. Khalid under the Insurance Contract for the claims and causes of action asserted in the Underlying Lawsuit, or related to the Incident, on the grounds that those claims and causes of action do not arise out of an "accident" within the meaning of the Insurance Contract

and Virginia law.

41. Amalgamated denies that it has any obligation to provide insurance coverage or benefits to or for Valley Cab and/or Mr. Khalid under the Insurance Contract for the claims and causes of action asserted in the Underlying Lawsuit, or related to the Incident, on the grounds that the Insurance Contract excludes claims for bodily injuries that were expected or caused intentionally by an insured, and that the alleged injuries and damages to Ms. Smith constituted claims that were allegedly caused by intentional acts by Valley Cab and/or Mr. Khalid and were the consequences of acts that Valley Cab and/or Mr. Khalid knew or ought to have known would follow from its/his conduct.

<u>Jury Demand</u>

42. Amalgamated hereby demands a trial by jury.

WHEREFORE, having set forth the grounds for its Complaint for Declaratory Judgment, Amalgamated prays as follows:

A.  That this Court finds it has jurisdiction to issue declaratory judgment as to the rights and obligations of the parties hereto; that the Court finds venue is proper in this Court for the adjudication of the rights and obligations of the parties as to the Insurance Contract; and that the Court finds all necessary and essential parties have been properly joined herein; and

B.  That this Court finds the Defendant, Valley Cab, in this action is the same entity who is identified as "Valley Cab LLC d/b/a ABC Cab Company" in the Underlying Lawsuit and is alleged to have assaulted Ms. Smith, battered Ms. Smith, falsely imprisoned Ms. Smith, and intentionally inflicted emotional distress on Ms. Smith, as well as negligently performing its duties related to the decision to employ, train, instruct, supervise, and monitor Mr. Khalid; and

C.  That this Court finds the Insurance Contract attached hereto as Exhibit 1 is a true and

complete copy of Commercial Auto Policy Number CAP-18-0101929-04, effective for the policy period of November 19, 2018 to November 19, 2019; and

D.   That this Court finds the Insurance Contract is the only policy of insurance written or issued by Amalgamated, or its affiliates, that could afford coverage to or for Valley Cab and/or Mr. Khalid for any claim or cause of action arising, either directly or indirectly, out of the Incident; and

E.   That this Court finds Valley Cab and Mr. Khalid were aware of the Incident by no later than July 17, 2019, but did not provide notice to Amalgamated of the Incident until December 17, 2021; and

F.   That this Court finds the terms, conditions, obligations, exclusions, and provisions of the Insurance Contract required Valley Cab and Mr. Khalid to give "prompt" notice to Amalgamated of the Incident and the Underlying Lawsuit, and that such requirement was a condition precedent to coverage under the Insurance Contract; and

G.   That this Court finds Valley Cab and Mr. Khalid failed to provide "prompt" notice to Amalgamated of the Incident as required by the Insurance Contract; that Valley Cab and Mr. Khalid's failure to provide "prompt" notice to Amalgamated of the Incident violated the terms, conditions, obligations, exclusions, and provisions of the Insurance Contract; that such a violation of the terms, conditions, obligations, exclusions, and provisions of the Insurance Contract constituted a material breach of a condition precedent to coverage under the Insurance Contract; and, as a result of the material breach of a condition precedent to coverage, Amalgamated does not owe insurance coverage or benefits to or for Valley Cab or Mr. Khalid under the Insurance Contract for the allegations, claims, and causes of action related, directly or indirectly, to the Incident and the Underlying Lawsuit; and

H.  That this Court finds the allegations, claims, and causes of action arising out of the Incident and the Underlying Lawsuit did not arise out of an "accident" within the meaning of the Insurance Contract and as defined by Virginia law; and

I.   That this Court finds the allegations, claims, and causes of action arising out of the Incident and Underlying Lawsuit are excluded from coverage under the Insurance Contract because they did not arise out of an accident, within the meaning of the Insurance Contract and as defined by Virginia law; and

J.   That this Court finds the allegations, claims, and causes of action arising out of the Incident and the Underlying Lawsuit were expected or caused intentionally by Valley Cab and/or Mr. Khalid, and constitute the consequences of expected or intentional acts the results of which Valley Cab and/or Mr. Khalid knew or ought to have known would follow from its/his conduct; and

K.  That this Court finds the allegations, claims, and causes of action arising out of the Incident and Underlying Lawsuit are excluded from coverage under the Insurance Contract because they constitute claims that were expected or caused intentionally by Valley Cab and/or Mr. Khalid; and

L.  That this Court finds the Insurance Contract does not afford coverage or insurance benefits for any allegations, claims, or causes of action asserted by or against Valley Cab and/or Mr. Khalid arising, directly or indirectly, out of the Incident and the Underlying Lawsuit; and

M.  That this Court declares Amalgamated has no obligation to provide insurance coverage or benefits to or for Valley Cab and/or Mr. Khalid, or to pay any claims, damages, judgments, settlements, or compromises arising, directly or indirectly, out of the Incident or Underlying Lawsuit; and

N.  That this Court enters an Order incorporating all of the above-described findings of fact and conclusions of law; and

O.  That this Court grants to Amalgamated any such further relief and it might deem

appropriate.

Respectfully Submitted

AMALGAMATED CASUALTY INSURANCE
COMPANY

By Counsel

*/s/ Daniel L. Robey*

Daniel L. Robey, Esquire
Virginia Bar Number: 15531
Daniel J. Laws, Esquire
Virginia Bar Number: 93624
MIDKIFF, MUNCIE & ROSS, P.C.
10461 White Granite Drive, Suite 225
Oakton, Virginia 22124
Telephone: (703) 938-5989
Facsimile: (703) 938-5980
Email: drobey@midkifflaw.com
*Counsel for Amalgamated Casualty Insurance*
*Company*