IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

|  |  |  |
|---|---|---|
| AMALGAMATED CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 5:22-cv-00011 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| VALLEY CAB, LLC d/b/a ABC CAB and MOHAMMAD NAJEEB KHALID, | ) ) ) | By:   Hon. Thomas T. Cullen United States District Judge |
| Defendants. | ) ) | |

In July 2019, Defendant Mohammad Najeeb Khalid, a driver for and part-owner of Defendant Valley Cab, LLC, answered a call to pick up Jessica Smith, who needed a ride to a hotel. In a lawsuit in Rockingham County Circuit Court, Smith alleges that Khalid instead drove her to his home, where he sexually assaulted her.

Plaintiff Amalgamated Casualty Insurance Company ("Amalgamated") insured Valley Cab at the time of this alleged assault. The insurer seeks a declaratory judgment stating that Defendants did not notify Amalgamated of their potential insurance claim in a timely manner, which was a condition precedent to coverage under Amalgamated Casualty Insurance Company Commercial Auto Policy Number CAP-18-0101929-04 (the "Policy"). (*See* ECF No. 1-2.) For the reasons that follow, Plaintiff's motion for summary judgment (ECF No. 22.) will be granted.

**I.   BACKGROUND**

Many facts in this section are taken from allegations in Amalgamated's complaint, which in turn are modeled on Smith's allegations in her state court lawsuit. (*Compare* ECF No.

1, *with* ECF No. 1-3.) Defendants deny the truth of many of these allegations in their answer. (*See* ECF No. 20.) The court does not recite those allegations here for their truth. Whatever happened on July 16, 2019 is not directly applicable to the legal question before the court: whether *something* happened on July 16, 2019 that required Defendants to provide Amalgamated with prompt notice.

On July 16, 2019, Smith became lost while driving through Harrisonburg, Virginia and entered a 7-Eleven convenience store in to get directions. (*See* Compl. ¶ 13 [ECF No. 1].) A police officer approached her and offered to call a cab to drive Smith to a hotel. (*Id.*) She accepted, and the officer called Valley Cab. (*Id.*)

Khalid, a part-owner of and driver for Valley Cab, responded. (*Id.* ¶ 14.) Smith told Khalid that she needed to use the bathroom, and Khalid took her to his home to do so. (*Id.* ¶ 15.) Smith alleges that Khalid sexually assaulted her as she exited the bathroom. (*Id.* ¶¶ 15–16.)

Once the assault ended, Khalid drove Smith back to the 7-Eleven where he had originally picked her up and ordered her out of his car. (*Id.* ¶ 17.) Shaken, Smith complied, and she drove herself to a church parking lot. (*Id.*) She slept until the next morning, when she called the Rockingham County Sheriff's Department. (*Id.*) Hospital staff diagnosed Smith with injuries consistent with sexual assault, (*id.*), and Smith completed an incident report for law enforcement, (ECF No. 22-2, at 13–14). Police interviewed Khalid later that day, but, for whatever reason, did not file criminal charges against him. (Compl. ¶ 18.)

On July 13, 2021, Smith sued Valley Cab and Khalid in Rockingham County Circuit Court. (*See* ECF No. 1-3, at 1.) That filing described the events of July 16 and 17, 2019, and

brought claims of assault, battery, false imprisonment, and intentional infliction of emotional distress against both Defendants, in addition to a claim of negligence against Valley Cab. (*See id.* at 5–10.)

Valley Cab and Khalid first notified their insurer, Amalgamated, of Smith's pending civil suit on December 17, 2021. (*See* Compl. ¶ 21.) Amalgamated insured Valley Cab in July 2019. (*Id.* ¶ 8; Policy at 3.) The operative insurance policy provides coverage to Valley Cab for "all sums an insured legally must pay as damages because of bodily injury . . . caused by an accident and resulting from the ownership, maintenance or use of a covered auto." (Policy at 16 (internal quotation marks omitted).)

But this coverage is contingent on certain duties. Relevant here, the Policy contained a "prompt notice" provision. That provision required Valley Cab and Khalid to "give [Amalgamated] prompt notice of the 'accident.'" (*Id.* at 21 (internal quotation marks omitted).) A compliant notice would include a description of how, when, and where the "accident" occurred; the insured's name and address; and the names and addresses of any injured persons or witnesses. (*Id.*). Additionally, Valley Cab and Khalid must "immediately send [Amalgamated] copies of any request, demand, order, notice, summons or legal paper received concerning [a] claim or 'suit.'" (*Id.* at 22 (internal quotation marks omitted).) Amalgamated has "no duty to provide coverage" unless Valley Cab and Khalid had been "full[y] complian[t]" with those duties. (*Id.* at 21.)

## II.   STANDARD OF REVIEW

Under Rule 56(a), the court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Glynn v. EDO Corp.*, 710 F.3d 209, 213 (4th Cir. 2013). When making this determination, the court should consider "the pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . [any] affidavits" filed by the parties. *Celotex*, 477 U.S. at 322. Whether a fact is material depends on the relevant substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* (citation omitted). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets that burden, the nonmoving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

In determining whether a genuine issue of material fact exists, the court views the facts and draws all reasonable inferences in the light most favorable to the nonmoving party. *Glynn*, 710 F.3d at 213 (citing *Bonds v. Leavitt*, 629 F.3d 369, 380 (4th Cir. 2011)). Indeed, "[i]t is an 'axiom that in ruling on a motion for summary judgment, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *McAirlaids, Inc. v. Kimberly-Clark Corp.*, 756 F.3d 307, 310 (4th Cir. 2014) (internal alteration omitted) (quoting *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (per curiam)). Moreover, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson*, 477 U.S. at 255. The nonmoving party must, however, "set forth specific facts that go beyond the 'mere existence of a scintilla of

evidence.'" *Glynn*, 710 F.3d at 213 (quoting *Anderson*, 477 U.S. at 252). The nonmoving party must show that "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. "In other words, to grant summary judgment the [c]ourt must determine that no reasonable jury could find for the nonmoving party on the evidence before it." *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990) (citing *Anderson*, 477 U.S. at 248). Even when facts are not in dispute, the court cannot grant summary judgment unless there is "no genuine issue as to the inferences to be drawn from" those facts. *World-Wide Rights Ltd. P'ship v. Combe, Inc.*, 955 F.2d 242, 244 (4th Cir. 1992).

### III. ANALYSIS

Amalgamated filed its motion for summary judgment on May 10, 2022. (ECF No. 22.) Under the scheduling order governing this case, Defendants' opposition was due on May 24. (*See* ECF No. 19, at 3.) To date, Defendants, who are represented by counsel, have not filed an opposition. Accordingly, Amalgamated's pending motion is considered "to be unopposed." (*Id.*) Nevertheless, the court is obligated to "thoroughly analyze[] the motion." *See Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 380 (4th Cir. 2013).

Virginia courts interpret insurance policies according to their plain meaning. *Erie Ins. Exch. v. EPC MD 15, LLC*, 822 S.E.2d 351, 354–55 (Va. 2019). A word's plain meaning "depends not merely on semantics and syntax but also on the holistic context of the word within the instrument." *Id.* at 355.

These general rules apply to "prompt notice" provisions, which Virginia courts routinely enforce. *See, e.g., Dan River, Inc. v. Com. Union Ins. Co.*, 317 S.E.2d 485, 487–88 (Va. 1984); *Lord v. State Farm Mut. Auto. Ins. Co.*, 295 S.E.2d 796, 798–800 (Va. 1982); *Liberty Mut.*

*Ins. Co. v. Safeco Ins. Co. of Am.*, 288 S.E.2d 469, 473–74 (Va. 1982). "Such provisions have been held to be a condition precedent, and if not complied with bar recovery under the policy." *State Farm Mut. Ins. Co. v. Douglas*, 148 S.E.2d 775, 777 (Va. 1966). In other words, if an insured fails to comply with his policy's "prompt notice" provision, then the insurer does not have to provide the otherwise applicable coverage.

"[I]n order for untimely notification to constitute a breach of the policy, such that the insurer no longer bears the duty to defend the insured, the failure to notify must be substantial and material." *Penn-America Ins. Co. v. Mapp*, 461 F. Supp. 2d 442, 452 (E.D. Va. 2006). "There are three factors that bear upon the materiality of such a breach: (1) the reasonableness of the delayed notice, (2) the amount of prejudice suffered by the insurer as a result of the delay, and (3) the length of time that elapsed before notice was given." *Id.* "[A] prolonged delay in notification alone may breach the policy even absent a showing of prejudice." *Id.*

The key question, then, is whether Defendants' delay in notifying Amalgamated was reasonable. Here, 884 days passed between July 16, 2019, and Defendants' decision to notify Amalgamated about what happened. Eight hundred and eighty-three days went by between law enforcement's interview with Khalid and Defendants' notification. And 157 days elapsed between Smith's filing her lawsuit and Defendants' notification.

Nothing about these delays, any one of which individually is enough to trigger the "prompt notice" provision, was reasonable. "Failure to give timely notice will not be excused when the insured subjectively concludes that coverage under the policy will not be implicated or is ignorant of the notice provisions." *Penn-America*, 461 F. Supp. 2d at 453. Instead, an insured subject to a "prompt notice" provision has an obligation to notify its insurer anytime

- 6 -

there is "an 'incident which was sufficiently serious to lead a person of ordinary intelligence and prudence to believe that it might give rise to a claim for damages covered by the policy.'" *Id.* (quoting *State Farm Fire & Cas. Co. v. Walton*, 423 S.E.2d 188, 192 (Va. 1992)).

Valley Cab and Khalid had such an obligation here. Khalid picked up Smith after a police officer called Valley Cab to provide transportation services for her. (Compl. ¶¶ 13–14.) Amalgamated alleges that Khalid assaulted Smith at his home before returning her to the 7-Eleven where he had picked her up on behalf of Valley Cab. (*Id.* ¶ 17.) Valley Cab had knowledge of the alleged assault—and of law enforcement's interview with Khalid the next day—because Khalid is a part-owner of Valley Cab. *See In re Lamey*, No. 14-13729, 2020 WL 4045254, at *4 (Bankr. N.M. July 17, 2020) (collecting cases and treatises to support the proposition that knowledge acquired by an agent while acting within the scope of his authority on behalf of the principal LLC is imputed to the LLC).

The notice with which Defendants provided Amalgamated does not satisfy the "prompt notice" provision because the delays were unreasonable in light of the circumstances under which Khalid met Smith and both Defendants' first-hand knowledge of the relevant events. A person of ordinary intelligence could conclude that the incident implicated the Policy. *See Penn-America*, 461 F. Supp. 2d at 453. Indeed, the Defendants themselves eventually arrived at this conclusion, notifying Amalgamated of Smith's state-court lawsuit. (Compl. ¶ 27; Answer ¶ 27.) Notice in hand, Amalgamated sued Defendants preemptively for violating the Policy's "prompt notice" provision.[1]

---

[1] The court declines to analyze whether Defendants' delay prejudiced Amalgamated because the length of time of each delay violates the Policy's "prompt notice" provision as a matter of law. *See, e.g.*, *Walton*, 423 S.E.2d at 192; *Nationwide Prop. & Cas. Ins. Co. v. Hutcheson*, No. 2:20cv543, 2021 WL 5412274, at *3–4 & n.3 (E.D. Va.

Underlining the point, Virginia courts have routinely denied coverage for failures to comply with "prompt notice" provisions for shorter delays. *See Lord*, 295 S.E.2d at 798–800 (173 days); *Safeco Ins.*, 288 S.E.2d at 473–74 (51 days). And the insufficient excuses offered by the insureds in those cases to explain their tardiness are as or more persuasive than any that Valley Cab and Khalid have declined to offer here. *See Lord*, 295 S.E.2d at 798 (admitted to the hospital for nine days after the arguably covered event); *Safeco Ins.*, 288 S.E.2d at 473–74 ("There is no evidence to indicate [that the insured] was prevented by reason of health, or other circumstance, from personally notifying Safeco seasonably, or from having someone notify the company for him promptly.").

Accordingly, any future claim for insurance coverage by either Valley Cab or Khalid for insurance coverage applicable to the events of July 16, 2019 under the Policy is barred by the applicable "prompt notice" provision. Amalgamated is entitled to a declaratory judgment to this effect.

### IV.   CONCLUSION

For the reasons discussed above, Amalgamated's motion for summary judgment (ECF No. 22) will be granted.

---

Oct. 15, 2021); *Va. Farm Bureau Mut. Ins. Co. v. Sutherland*, No. 7:03CV00122, 2004 WL 2360162, at *3 (W.D. Va. Oct. 19, 2004).

- 9 -

The clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to the parties and all counsel of record.

**ENTERED** this 14th day of June, 2022.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE